IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| DARREN G. LEWIS, | § | |
| Movant, | § | |
| | § | |
| v. | § | 3:16-CV-1709-B |
| | § | 3:13-CR-338-B (01) |
| UNITED STATES OF AMERICA, | § | |
| Respondent. | § | |

## AMENDED FINDINGS, CONCLUSIONS AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE

This cause of action was referred to the United States Magistrate Judge pursuant to the provisions of Title 28, United States Code, Section 636(b), as implemented by an order of the United States District Court for the Northern District of Texas. The amended findings, conclusions and recommendation of the United States Magistrate Judge follow:

### I. Procedural Background

Darren G. Lewis pleaded guilty to three counts of interfering with commerce by committing robbery, in violation of 18 U.S.C. § 1951 ("Hobbs Act robbery"), and one count of brandishing a firearm during a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A)(ii). The Court sentenced him to prison for an aggregate term of 324 months, followed by three years of supervised release, and ordered him to pay $1,075 in restitution.

Lewis did not appeal. However, in June 2016, he filed this 28 U.S.C. § 2255 motion (ECF. No. 2). His motion raises the following claims:

1. His due process rights were violated when he was convicted under section 924(c), which he asserts was invalidated under the reasoning set forth in *Johnson v.*

Page 1

*United States*, 135 S. Ct. 2551 (2015);

2. The Court made an example out of him because he was, at one time, a professional athlete;

3. The evidence was insufficient to prove he committed the charged offenses; and

4. He pleaded guilty without understanding the consequences of that plea.

With his § 2255 motion, Lewis contemporaneously filed a motion to withdraw his guilty plea (ECF. No. 11), and a motion to dismiss four of the counts in the indictment as unlawful under *Johnson* (ECF. No. 12). Those motions supported the claims raised in Lewis's § 2255 motion but did not present any additional grounds for postconviction relief. The government has moved to dismiss Lewis's § 2255 motion as time-barred. (ECF No. 9). Lewis has filed a response. (ECF. No. 13). He argues again that *Johnson* invalidated his convictions, but he has not addressed the timeliness of his § 2255 motion.

## II. Discussion

Lewis's § 2255 motion is time-barred.[1] The Antiterrorism and Effective Death Penalty

---

[1] Lewis's motion to withdraw his guilty plea (ECF. No. 11) and his motion to dismiss four of the counts in the indictment (ECF. No. 12) are best read as arguments in support of the claims presented in his § 2255 motion, not as independent motions for relief. However, to the extent that Lewis did intend to move also to withdraw his plea and to dismiss four counts from the indictment, those motions are time-barred. As for his motion to withdraw his guilty plea, Lewis was sentenced before he filed the motion; he cannot "withdraw" his plea at this stage in the proceedings. *See* Fed. R. Crim. P. 11(e) ("[a]fter the court imposes sentence, the defendant may not withdraw a plea of guilty or nolo contendere, and the plea may be set aside only on direct appeal or collateral attack"). Rather, he can only attack his plea through a § 2255 motion. *See United States v. Podlucky*, No. 17-1184, 2017 WL 2459839, *2 (3d. Cir. June 7, 2017) ("Podlucky has already been sentenced and thus criminal Rule 11 does not provide a basis for him to withdraw his guilty plea . . . Any further challenges to his plea agreement will have to be pursued, not under criminal Rule 11, but under 28 U.S.C. § 2255."). So too for Lewis's post-judgment challenge to four counts in the indictment. *See, e.g., United States v. Hight*, 304 F. App'x 31, *32 (3d Cir. 2008) (holding that a post-sentence "motion to dismiss count three of the

Act of 1996 establishes a one-year statute of limitations for federal habeas proceedings. *See* ANTITERRORISM AND EFFECTIVE DEATH PENALTY ACT, Pub. L. 104-132, 110 Stat. 1214 (1996) ( "AEDPA"). The statute provides that the limitations period shall run from the latest of:

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the Petitioner was prevented from filing by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

*See* 28 U.S.C. § 2255(f).

Here, the limitations period begins to run when Lewis's judgment became final. *See* 28 U.S.C. § 2255(f)(1). Because Lewis did not file a direct appeal, his conviction became final when his time to do so expired–October 10, 2014, which was 14 days after the Court entered judgment. *See* FED. R. APP. P. 4(b)(1)(A)(i) (stating that an appeal in a criminal case must be filed within fourteen days of the entry of judgment). Lewis had one year from that date–or until October 10, 2015–to timely file his § 2255 motion. His motion, filed June 23, 2016, is untimely.

Moreover, the government is correct that § 2255(f)(3) does not apply here. Under that

---

indictment" was, in effect, a § 2255 motion). Therefore, if Lewis independently moved to withdraw his plea or dismiss counts in the indictment, those motions would be characterized as motions under § 2255, and they are time-barred for the reasons discussed herein.

section, AEDPA's one year statute of limitations runs from "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." Here, Lewis claims to be asserting a right under the Supreme Court's decision in *Johnson*, but *Johnson* did not establish the right that Lewis seeks to assert. *Johnson* held that the Armed Career Criminal Act's residual clause was unconstitutionally vague. 135 S. Ct. At 2563. And, because *"Johnson* affected the reach of [the Armed Career Criminal Act,] rather than the judicial procedures by which the statute is applied," *Johnson* is "a substantive decision and so has retroactive effect" in cases on collateral review." *Welch v. United States*, 136 S. Ct. 1257, 1265 (2016). Therefore, if Lewis was challenging a conviction that implicated the Armed Career Criminal Act's residual clause, the statute of limitations on that challenge, under § 2255(f)(3), could begin to run on the date that *Johnson* was announced. *See, e.g., Yates v. United States*, 842 F.3d 1051, 1052 (7th Cir. 2016).

But Lewis was not convicted under the Armed Career Criminal Act, and that is not the statute that he seeks to challenge. Instead, Lewis seeks to extend the right announced in *Johnson* to his conviction under § 924(c)(1) for brandishing a firearm during a Hobbs Act robbery, in violation of 18 U.S.C. § 1951(a). That is, Lewis attempts to rely on a new right that the Supreme Court has not yet recognized. A right is "new" if it is "not *dictated* by precedent." *Chaidez v. United States*, 568 U.S. 342, 347 (2013) (emphasis in original) (quoting *Teague v. Lane*, 489 U.S. 288. 301 (1989)); *see also Headbird v. United States*, 813 F.3d 1092, 1095 (8th Cir. 2016) (collecting cases and noting that Courts of Appeals agree that whether the Supreme Court has recognized a new "right," resetting AEDPA's statute of limitation under § 2255(f)(3), requires

Page 4

the same inquiry as determining whether the Supreme Court has announced a new "rule" under *Teague*); *United States v. Morgan*, 845 F.3d 664, 667-68 (5th Cir. 2017) (inquiring whether the Supreme Court announced a new "rule" when determining whether a § 2255 motion was timely under § 2255(f)(3)). And a right is "dictated" by precedent only if it is "apparent to all reasonable jurists." *Chaidez*, 568 U.S. at 347 (quoting *Lambrix v. Singletary*, 520 U.S. 518, 527-28 (1997)).

As relevant here, "[i]t is far from 'apparent to all reasonable jurists' that § 924(c)(3)(B) is unconstitutional under *Johnson*." *United States v. Autobee*, No. 17-1082, 2017 WL 2871893, *4 (10th Cir. July 6, 2017) (per curiam) (concluding that §2255(f)(3) did not apply to a §2255 motion attempting to extend *Johnson* to invalidate §924(c)). Indeed, the Fifth Circuit has recently rejected an attempt to extend *Johnson* to invalidate § 924(c). *United States v. Jones*, 854 F.3d 737, 740 (5th Cir. 2017) ("the definition of 'crime of violence' under § 924(c)(3)(B) is not unconstitutionally vague"). So too have other Circuit courts. *See United States v. Prickett*, 839 F.3d 697, 699-700 (8th Cir. 2016) ("we join the Second and Sixth Circuits in upholding §924(c)(3)(B) against a vagueness challenge."); *United States v. Hill*, 832 F.3d 135, 145-50 (2d Cir. 2016) (same); *United States v. Taylor*, 814 F.3d 340, 375-79 (6th Cir. 2016) (same). Therefore, it is clear that *Johnson* did not dictate to all reasonable jurists that § 924(c)(3)(B) is unconstitutionally vague. Because *Johnson* did not create the right that Lewis seeks to apply here, § 2255(f)(3) does not apply. *See Autobee*, 2017 WL 2871893, at *4; *see also Williams v. United States*, No. 4:16-cv-444-A, 2016 WL 8716269, *3 (N.D. Tx. June 10, 2016) (holding that §2255(f)(3) does not apply to a §2255 motion challenging §924(c)(1) as unconstitutionally vague under *Johnson*). Accordingly, Lewis's § 2255 motion is untimely.

Nor can Lewis benefit from equitable tolling, which applies only in "rare and exceptional cases." *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998); *see also Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir.1999) (noting that courts must "examine each case on its facts to determine whether it presents sufficiently 'rare and exceptional circumstances' to justify equitable tolling") (quoting *Davis*, 158 F.3d at 811). The Fifth Circuit has held that "'[e]quitable tolling applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights.'" *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir.1999) (quoting *Rashidi v. Am. President Lines*, 96 F.3d 124, 128 (5th Cir. 1996)). Lewis bears the burden of proof to show he is entitled to equitable tolling. *Phillips v. Donnelly*, 216 F.3d 508, 511 (5th Cir. 2000). Lewis has not carried that burden. He has failed to show that he was actively misled about his habeas remedies or that he has been prevented in some extraordinary way from asserting his rights. Lewis's claim that he was unaware until recently that he could file this § 2255 motion does not warrant equitable tolling. *See Felder v. Johnson*, 204 F.3d 168, 171-72 (5th Cir. 2000) (holding that ignorance about the law, lack of knowledge of filing deadlines, a prisoner's pro se status, and a lack of legal training do not support equitable tolling of AEDPA's statute of limitations).

### III. Recommendation

For the foregoing reasons, the Court recommends that the motion to correct, vacate or set-aside sentence pursuant to 28 U.S.C. § 2255 be dismissed as time-barred and that all other pending motions be denied.

Signed this 16 day of August, 2017.

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).