IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| DARREN G. LEWIS, § | |
|     Movant, § | |
| § | |
| v. § | 3:16-CV-1709-B |
| § | 3:13-CR-338-B (01) |
| UNITED STATES OF AMERICA, § | |
|     Respondent. § | |

## AMENDED ORDER ACCEPTING AMENDED FINDINGS, CONCLUSIONS AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE, AND DENYING A CERTIFICATE OF APPEALABILITY

The United States Magistrate Judge made amended findings, conclusions and a recommendation in this case. Movant has filed an objection. The District Court has made a *de novo* review of those portions of the findings, conclusions and recommendation to which Movant objects.

In his objection, Movant argues that *Johnson v. United States*, 135 S. Ct. 2551 (2015), reset his statute of limitations under 28 U.S.C. § 2255(f)(3). The District Court rejects that argument for the reasons set forth in the amended findings, conclusions and recommendation. Movant's Section 2255 motion is untimely.

Movant also requests, that if the District Court finds his Section 2255 motion untimely, it stay these proceedings until the Supreme Court announces its decision in *Lynch v. Dimaya*, 137 S. Ct. 31 (2016) (granting certiorari). Movant asserts that *Dimaya* will decide whether 18 U.S.C. § 924(c)(3)(B)'s residual clause is unconstitutional in light of *Johnson*. However, *Dimaya* "does not involve § 924(c)(3)(B)." *Byrd v. United States*, No. 16-6286, 2017 WL 3613861, at *2 (6th Cir. May 4, 2017). Rather, "in *Dimaya*, the narrow issue is whether the Supreme Court's decision in *Johnson* applies to the residual clause, not the elements clause, of the 'crime of violence' definition in 18 U.S.C. § 16(b)." *Bryant v. United States*, CV 116-025, 2017 WL 1591884, at *2 (S.D. Ga. May 1,

2017); *see also Dimaya v. Lynch*, 803 F.3d 1110, 1120 (9th Cir. 2015) (holding that Section 16(b) of the Immigration and Nationality Act is unconstitutionally vague), *cert. granted*, 137 S. Ct. 31.

Moreover, even if *Dimaya* does invalidate Section 924(c)(3)(B)'s residual clause, that holding would not impact Movant's Section 924(c) conviction. That is because his Section 924(c) conviction is predicated upon a Hobbs Act robbery, which qualifies as a crime of violence under Section 924(c)(3)(A)'s force clause definition, not the residual clause found in Section 924(c)(3)(B). *See Buck v. United States*, 847 F.3d 267, 274-75 (5th Cir. 2017); *see also Hobbs v. United States*, 3:16-CV-1139-O, 2017 WL 194291, at * 4 (N.D. Tex. Jan. 18, 2017) ("Indeed, the definition of a Hobbs Act robbery fits under Section 924(c)'s force clause, not its residual clause."). For these reasons, *Dimaya* will not impact these proceedings, and the Court will not stay this case until *Dimaya* is announced. *See United States v. Johnson*, Civil Case No. 16-12322, 2017 WL 3531397 (E.D. Mich. Aug. 17, 2017) (declining to stay Section 2255 proceedings pending *Dimaya* because *Dimaya* had no bearing on the movant's conviction under Section 924(c)(3)(A)).

Accordingly, Movant's objections are **OVERRULED** and his alternative request for a stay is **DENIED**. The District Court **ACCEPTS** the Amended Findings, Conclusions and Recommendation of the United States Magistrate Judge.

Considering the record in this case and pursuant to Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the Rules Governing §§ 2254 and 2255 proceedings, and 28 U.S.C. § 2253(c), the Court **DENIES** a certificate of appealability. The Court adopts and incorporates by reference the Magistrate Judge's Amended Findings, Conclusions and Recommendation filed in this case in support of its finding that the movant has failed to show (1) that reasonable jurists would find this Court's

"assessment of the constitutional claims debatable or wrong," or (2) that reasonable jurists would find "it debatable whether the petition states a valid claim of the denial of a constitutional right" and "debatable whether [this Court] was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).[1]

In the event Movant will file a notice of appeal, the court notes that

( X )  the movant will proceed *in forma pauperis* on appeal.

( )  the movant will need to pay the $505.00 appellate filing fee or submit a motion to proceed *in forma pauperis*.

SO ORDERED this 7th day of September, 2017.

JANE J. BOYLE
UNITED STATES DISTRICT JUDGE

---

[1] Rule 11 of the Rules Governing §§ 2254 and 2255 Cases, as amended effective on December 1, 2009, reads as follows:
**(a) Certificate of Appealability.** The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue. If the court issues a certificate, the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2). If the court denies a certificate, the parties may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22. A motion to reconsider a denial does not extend the time to appeal.
**(b) Time to Appeal.** Federal Rule of Appellate Procedure 4(a) governs the time to appeal an order entered under these rules. A timely notice of appeal must be filed even if the district court issues a certificate of appealability.